```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 18-2617 (DSD/LIB)
```

Farass Ali,

        Petitioner,

v.                                              **ORDER**

Jefferson Beauregard Sessions, III,
Attorney General, et al.,

        Respondents.

     Ian Bratlie, ACLU of MN, 709 South Front Street, Suite 1B, Mankato, MN 56001, counsel for petitioner.

     Sergio Sarkany, DOJ-Civ, 450 5th Street NW, P.O. Box 878, Ben Franklin Station, Suite 5013, Washington, DC 20044, counsel for respondents.

This matter is before the court upon petitioner Farass Ali's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Based on a review of the file, record, and proceedings herein, and for the following reasons, the petition is granted.[1]

**BACKGROUND**

The underlying facts are not in dispute and will not be discussed except as necessary. On January 16, 2014, Ali, a native and citizen of Iraq, entered the United States as a refugee. Pet.

---

[1] In a habeas petition, the proper respondent is "the person who has custody over [petitioner] ... not the attorney general or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2003). As a result, the proper respondent here is Sherburne County Sheriff Joel Brott, in his official capacity. All other respondents will be dismissed.

Ex. 1 at 4. On July 28, 2015, Ali's immigration status was adjusted to lawful permanent resident. Id.

On November 12, 2016, Ali was arrested in Rochester, Minnesota, for Fifth Degree Criminal Sexual Conduct and Disorderly Conduct. Gregg Decl. ¶ 6. Because of this arrest, the United States Department of Homeland Security reviewed Ali's immigration status. Id. ¶ 7. Homeland Security allegedly found that Ali did not disclose military training and service in the Iraqi Republican Guard and an arrest and interrogation in Iraq related to an explosion at a police station. Pet. Ex. 1 at 4.

On May 10, 2017, federal immigration agents took Ali into custody. Gregg Decl. ¶¶ 11-12. The next day, Ali was charged with being a removable alien who, at the time of entry or adjustment, procured admission into the United States by fraud or willful misrepresentation. Id. ¶ 12.

On June 2, 2017, Ali was transferred from federal immigration custody to state custody due to the pending criminal charges. Id. ¶ 13. On July 11, 2017, Ali's criminal charges were dismissed and he was transferred back to federal immigration custody, where he remains. Id. ¶ 16; Pet. ¶ 21.

In June and August 2017, the FBI notified federal immigration officials that Ali would be considered a threat to national security should he be released from immigration custody. Gregg Decl. ¶¶ 14, 15, 19. In addition, the FBI found content on Ali's

social media accounts purportedly showing him making, or considering making, assorted weapons purchases and favorably commenting on the Islamic State's military campaigns in the Levant and North Africa. Id. ¶¶ 15, 19.

On September 19, 2017, a bond hearing was held before Immigration Judge (IJ) Ryan Wood. Id. ¶ 22. Ali called two witnesses, and the information provided by the FBI, as well as other evidence provided by federal immigration officials, was entered into the record. Id. ¶¶ 19, 20, 21. The IJ denied Ali's request to be released on bond pursuant to 8 C.F.R. § 236.1(c). Pet. Ex. 2 at 2. Ali has not appealed the IJ's bond determination.

In the instant petition, Ali seeks release from federal immigration custody pending resolution of his immigration case. Ali argues that the Fifth Amendment Due Process Clause prohibits indefinite immigration detention pending a removal decision. Ali also argues that even if ordered removed, his removal could not be reasonably accomplished given the state of diplomatic relations between the United States and Republic of Iraq.

The government argues that Ali's continued detention is constitutional, and that to the extent he believes he should be released from immigration custody pending a removal order, he may pursue such relief, including bond modification, through the available administrative procedures set forth in 8 C.F.R § 236.1(d). The government also argues that any undue delay in this

case is attributable to Ali's various requests brought before the IJ.

**DISCUSSION**

**I.  Standard of Review**

The court is prohibited from reviewing the IJ's bond determination or the attorney general's exercise of discretionary judgment. 8 U.S.C. § 1226(e). The court's jurisdiction is limited to determining whether the length of pre-removal detention violates Ali's constitutional rights. Jennings v. Rodriquez, 138 S. Ct. 830, 837 (2018). An alien, such as Ali, challenging the legality of his detention may petition for a writ of habeas corpus, seeking immediate release. Preiser v. Rodriquez, 411 U.S. 475, 485 (1973).

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." Reno v. Flores, 507 U.S. 292, 307 (1993). Freedom from imprisonment, government custody, detention, or other forms of physical restraint lies at the heart of the liberty the Due Process Clause protects. Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[G]overnment detention violates [the Due Process Clause] unless the detention is ordered in a criminal proceeding with adequate procedural protections ... or, in certain special and narrow nonpunitive circumstances, where a special justification, such as a harm-threatening mental illness, outweighs the individual's

4

constitutionally protected interest in avoiding physical restraint." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (internal citations omitted).

**II.   Relevant Law**

8 U.S.C. § 1226 "generally governs the process of arresting and detaining" deportable aliens pending a decision on whether the alien is to be removed. Jennings, 138 S. Ct. at 837. Under § 1226(a), "the attorney general may issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States ...." Id. The attorney general may release an alien detained under § 1226(a) "on bond ... or conditional parole." Id. Section 1226(a) does not explicitly limit the length of an alien's pre-removal order detention period. There is no dispute that Ali is currently subject to pre-removal detention under § 1226(a).

In Zadvydas, the Supreme Court held that any statute "permitting indefinite detention of an alien would raise a serious problem" under the Fifth Amendment Due Process Clause. Zadvydas, 533 U.S. at 690. Given this potential constitutional defect, the Court, applying the doctrine of constitutional avoidance, read an implicit limitation into the post removal order statute, 8 U.S.C. § 1231(a)(6), that immigration detention length once a removal order has been issued could not extend beyond the "period reasonably necessary to bring about [an] alien's removal from the

5

United States." Id. at 689. The Court further held that a removal order detention period of up to six months was "presumptively reasonable." Id. at 701. The Court reasoned that considering § 1231(a)(6) lacked a clear expression of congressional intent regarding immigration detention length, reading a reasonableness limitation into the statute was more appropriate than invalidating it on constitutional, due process grounds.

Since Zadvydas, neither the Supreme Court nor the Eighth Circuit has specifically addressed whether: (1) § 1226(a), like § 1231(a)(6), lacks a clear expression of congressional intent regarding detention length; (2) the doctrine of constitutional avoidance may be applied and a detention length limitation read into § 1226(a); and (3) if a detention limitation may be read into § 1226(a), courts should apply the Zadvydas reasonableness standard as the pre-removal detention limitation.[2]

Indeed, there are very few cases analyzing habeas petitions challenging pre-removal detention length solely under § 1226(a). Those cases, however, have reasoned that immigration detention under § 1226(a) might become unreasonably prolonged, Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274, 280 (3d Cir.

---

[2] This court previously concluded that, based on existing circuit case law, detention under § 1226(a) was subject to a reasonableness limitation. Tindi v. Sec'y Dep't. of Homeland Sec., No. 17-3663, 2018 WL 704314, at *3 (D. Minn. Feb. 5, 2018). However, the underlying authority for that decision was recently invalidated. See Jennings, 138 U.S. at 836-837. In light of Jennings, the court's analysis here will differ from Tindi.

2018), and is limited to the period necessary to secure removal. Guerro-Sanchez v. Warden York Cty. Prison, 905 F.3d 208, 222 (3d Cir. 2018); Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008); Hamama v. Adducci, No. 17-11910, at *36 (E.D. Mich. Nov. 20, 2018). Consistent with Zadvydas, the court concludes that detention under § 1226(a) is limited to the "period reasonably necessary to bring about [an] alien's removal from the United States," which in the § 1226(a) context is the period reasonably necessary to receive a removal decision. Zadvydas, 533 U.S. at 689.

**III. Ali's Detention**

Ali first entered federal immigration custody on May 10, 2017, and has been in consecutive pre-removal detention since July 11, 2017. Ali's continued detention does not result in the same form of indefinite detention that concerned the Court in Zadvydas; at some point, the IJ will decide whether Ali is to be removed or not. However, neither the parties, nor the court, can say with reasonable certainty when a final order of removal will be issued.

The government argues that Ali should pursue administrative remedies, including appealing the IJ's bond denial, before habeas relief can be granted. But Ali is not required to exhaust his administrative remedies in order to pursue the habeas relief he seeks. See 8 U.S.C. § 1252(d)(1); see also Aguilar v. Lewis, 50 F. Supp. 2d 539, 541 (E.D. Va. 1999) (holding that there is no federal

7

statute "that imposes an exhaustion requirement on aliens taken into custody pending their removal."). The government's reliance on Davies v. Tritten, No. 17-3710, 2017 WL 4277145, at *4 (D. Minn. Sept. 25, 2017), is misplaced. In Davies, the court held that petitioner needed to exhaust his administrative remedies because he had a bond request pending before the IJ. Id. at *4. Here, Ali has no pending bond request. Moreover, the court in Davies, specifically stated that exhaustion is not statutorily required in a pre-removal challenge. See id.

In addition, the court is not persuaded by the government's argument that Ali is responsible for his extended detention. There is no evidence that Ali's litigation strategy before the IJ included bad faith tactics or was calculated to prolong his deportation proceedings. Even if there was, the court is aware of no authority establishing that dilatory litigation conduct can result in indefinite detention.

Furthermore, although the IJ heard evidence that Ali would be considered a national security threat if released, Ali has not been specially designated a terrorist or a criminal subjecting him to mandatory pre-removal detention under 8 U.S.C. § 1226(c). To the contrary, Ali's current immigration detention is based entirely on the attorney general's exercise of discretionary authority. Although the court may not review the attorney general's underlying determination to take Ali into custody, when that detention becomes

8

unreasonably long, the Due Process Clause compels Ali's release while he awaits a removal decision.

To date, Ali has been in consecutive immigration detention for eighteen months without a final determination as to removal. Under the circumstances, this detention period exceeds the period necessary to effectuate a removal order. As a result, Ali must be released from pre-removal detention within thirty days.

Ali's release will be subject to the imposition of release conditions necessary to protect the public and to reasonably assure his presence at future administrative proceedings. This order does not extend to a detention period after a removal order is issued. Detention pursuant to a removal order is required under 8 U.S.C. § 1231(a)(2), and presumptively reasonable for a period of six months, and the court will not interfere with the attorney general's authority to take Ali into custody should removal be ordered.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus [ECF No. 1] is granted;

2. Respondents shall release Ali from custody within thirty days from the date of this order, and shall impose release conditions on Ali pursuant to 8 C.F.R. § 241.13(h);

3. If Ali is not released within thirty days, a writ of habeas corpus shall issue compelling Ali's immediate release; and

4. Respondents Kirstjen Nielsen, Ronald Vitiello, Peter Berg, and Jefferson Beauregard Sessions, III, are dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 7, 2018

<u>s/David S. Doty</u><br>
David S. Doty, Judge<br>
United States District Court