UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 18-2617 (DSD/LIB)

Farass Ali,

        Petitioner,

v.                                                    **ORDER**

Jefferson Beauregard Sessions, III,
Attorney General, et al.,

        Respondents.

This matter is before the court upon the Eighth Circuit Court of Appeals' remand of petitioner Farass Ali's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Based on a review of the file, record, and proceedings herein, and for the following reasons, the petition is granted.

**BACKGROUND**

The underlying facts are not in dispute and will not be discussed here, except as necessary.[1] Ali, a native and citizen of Iraq, first entered federal immigration custody on May 10, 2017, and has been in consecutive immigration detention since July 11, 2017. Pet. ¶ 21. Ali is currently detained at the Sherburne County

---

[1] A complete case background is available in the court's previous order. See ECF No. 15. In June and August 2017, the FBI notified federal immigration officials that Ali would be considered a threat to national security should he be released from immigration custody. First Gregg Decl. ¶¶ 14, 15, 19. In addition, the FBI found content on Ali's social media accounts purportedly showing him making, or considering making, assorted weapons purchases and favorably commenting on the Islamic State's military campaigns in the Levant. Id. ¶¶ 15, 19.

Jail in Elk River, Minnesota.  Id. ¶ 8.

On September 19, 2017, a bond hearing was held before Immigration Judge (IJ) Ryan Wood.  Id. ¶ 22.  Ali called two witnesses, and information provided by the FBI, as well as other evidence provided by federal immigration officials, was entered into the record.  Id. ¶¶ 19, 20, 21.  The IJ denied Ali's request to be released on bond pursuant to 8 C.F.R. § 236.1(c).  Pet. Ex. 2 at 2.  Ali did not appeal the IJ's bond determination.

On September 7, 2018, Ali filed the instant petition for a writ of habeas corpus, requesting release from immigration detention pending a final removal decision.  On December 19, 2018, the IJ ordered Ali removed, and Ali subsequently appealed to the Board of Immigration Appeals (BIA) where his appeal is currently under review.[2]  Second Gregg Decl. ¶¶ 3, 12.

On January 7, 2019, the court granted Ali's petition for a writ of habeas corpus and ordered his release from immigration detention within thirty days pending a final removal decision.  The court concluded that the "Due Process Clause compel[ed] Ali's release while he awaits a [final] removal decision."  ECF No. 15 at 9.  On February 1, 2019, the court denied the government's motion for reconsideration.

On April 16, 2019, the Eighth Circuit Court of Appeals reversed and remanded the matter for further consideration of Ali's

---

[2]  Ali has sought three continuances before the BIA.

constitutional arguments. Specifically, the Eighth Circuit held that the court "erred when it concluded pre-removal order detention under § 1226(a) is limited to the period reasonably necessary to receive a removal decision." Ali v. Brott, 770 Fed. App'x 298, 302 (8th Cir. 2019). On June 10, 2019, the Eighth Circuit issued a mandate, and the matter is now properly before the court. On June 17, 2019, the parties submitted supplemental briefing.

## DISCUSSION

### I.   Standard of Review

The court is prohibited from reviewing the IJ's bond determination or the attorney general's exercise of discretionary judgment. 8 U.S.C. § 1226(e). The court's jurisdiction is limited to determining whether the length of pre-removal detention violates Ali's constitutional rights. Jennings v. Rodriguez, 138 S. Ct. 830, 837 (2018). An alien, such as Ali, challenging the legality of his detention may petition for a writ of habeas corpus, seeking immediate release. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973).

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." Reno v. Flores, 507 U.S. 292, 307 (1993). Freedom from imprisonment, government custody, detention, or other forms of physical restraint lies at the heart of the liberty the Due Process Clause protects. Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[G]overnment

detention violates [the Due Process Clause] unless the detention is ordered in a criminal proceeding with adequate procedural protections ... or, in certain special and narrow nonpunitive circumstances, where a special justification, such as a harm-threatening mental illness, outweighs the individual's constitutionally protected interest in avoiding physical restraint." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (internal citations omitted).

**II. Relevant Law**

8 U.S.C. § 1226 "generally governs the process of arresting and detaining" deportable aliens pending a decision on whether the alien is to be removed. Jennings, 138 S. Ct. at 837. Under § 1226(a), "the attorney general may issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States ...." Id. (emphasis added). The attorney general may release an alien detained under § 1226(a) "on bond ... or conditional parole." Id.

The question before the court on remand is whether Ali's continued immigration detention under § 1226(a) violates the Due Process Clause. "[I]n deciding whether an alien's continued detention would violate the Due Process Clause, most courts ... apply ... the same factors ...." to the various types of pre-removal detention, including detention under § 1226(a). Jamal v. Whitaker, 358 F. Supp. 3d 853, 858 (D. Minn. 2019). Those factors

4

are: (1) the total detention length; (2) the presumptive duration of future detention; (3) the detention conditions; (4) delays in the removal proceedings caused by the alien or government; and (5) the likelihood that the removal proceedings will result in a final removal order.  Id. at 858-59.  Applying these factors, the court concludes that Ali's continued detention violates the Due Process Clause.  As a result, he is entitled to habeas relief.

**III. Ali's Detention**

"How long detention has lasted is critical to the due-process inquiry."  Id. at 859 (internal citations omitted).  Ali has been in consecutive pre-removal detention since July 11, 2017, over two years.  This is a significant period of detention based entirely on the attorney general's exercise of discretionary authority.  This factor strongly favors granting relief.

In addition, even after nearly a year of litigation before this court and two years in the immigration proceeding, the parties cannot say with reasonable certainty when a final order of removal will be issued.  Indeed, it appears that final resolution before the BIA will take an additional year, not to mention Ali's right to appeal an adverse decision to the Eighth Circuit.  Simply put, there appears to be no end in sight for Ali's removal proceeding.  This factor also favors granting relief.

As to Ali's detention conditions, "[t]he more that the conditions under which the alien is being held resemble penal

5

confinement" the stronger the presumption of relief.  Muse v. Sessions, No. 18-54, 2018 WL 4466052, at *5 (D. Minn. Sept. 18, 2018).  Ali is detained at the Sherburne County Jail, a facility that houses federal detainees as well as state criminal inmates.  Id.  The facility is "indistinguishable from penal confinement."  Id.  Given these prison-like conditions, this factor strongly favors granting relief.

As to the source of the delay, "courts should consider the nature and extent of any delays in the removal proceedings caused by the alien."  Jamal, 358 F. Supp. 3d at 860.  "Courts should be sensitive to the possibility that dilatory tactics by the removable alien may serve not only to put off the final day of deportation, but also to compel a determination that the alien must be released because of the length of his incarceration."  Id. (internal citations omitted).  Ali has obtained three continuances on his appeal to the BIA.  Ali states that some of the delays have been attributable to the death of his initial counsel, entry of pro bono counsel, and difficulties in procuring arabic translators.  Although there is no evidence that Ali's litigation strategy before the IJ included bad-faith tactics or was calculated to prolong his deportation proceedings, as the BIA is free to deny the requested continuances, any procedural delay in Ali's removal proceeding has been largely related to Ali's requests for continuances, rather than government conduct.  Accordingly, this factor favors continued

detention.

Finally, "courts consider the likelihood that the proceedings will culminate in a final removal order. The more likely that the alien will be removed, the longer the detention that will be deemed reasonable." Id.  The government has prevailed in the initial immigration proceedings and Ali is currently appealing that determination.  Whether Ali will ultimately prevail after many likely appeals and additional proceedings is not knowable at this time.  This analysis is further complicated by the tenuous diplomatic relations between the United States and Republic of Iraq, which makes final deportation to Ali's originating nation questionable.  See Hamama v. Adducci, 349 F. Supp. 3d 665, 689 (E.D. Mich. 2018).  Nevertheless, given the government's initial success in the removal proceedings, this factors favors continued detention.

In sum, three of the five factors favor Ali, two of them strongly.  The court's difficultly in denying Ali's habeas petition is the likelihood that his pre-removal detention, already extending over two years in prison-like conditions, could extend into multiple years before a final removal order is issued.  Indeed, the government's position is significantly undermined by its concession that the immigration process is likely to extend that long.

Moreover, and as stated in the court's previous order, although the IJ heard evidence that Ali would be considered a

7

national security threat if released, he has not been specially designated a terrorist or a criminal subjecting him to mandatory pre-removal detention.  To the contrary, Ali's current immigration detention is based entirely on the attorney general's exercise of discretionary authority, an authority subject to the constitutional requirement of due process.  Under the circumstances presented, the court concludes that his further detention cannot withstand constitutional scrutiny.  As stated in the court's previous order, and applying the applicable factors here, the Due Process Clause compels Ali's release from immigration detention pending a final order of removal.

Ali's release will be subject to the imposition of release conditions necessary to protect the public and to reasonably assure his presence at future administrative proceedings.  This order does not extend to a detention period after a removal order is issued. Detention pursuant to a removal order is required under 8 U.S.C. § 1231(a)(2), and is presumptively reasonable for a period of six months, and the court will not interfere with the attorney general's authority to take Ali into custody should removal be ordered.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  The petition for a writ of habeas corpus [ECF No. 1] is

granted;

2.   Respondents shall release Ali from custody within thirty days from the date of this order, and shall impose release conditions on Ali pursuant to 8 C.F.R. § 241.13(h); and

3.   If Ali is not released within thirty days, a writ of habeas corpus shall issue compelling Ali's immediate release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 30, 2019

s/David S. Doty
David S. Doty, Judge
United States District Court
