UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 18-2617 (DSD/LIB)

Farass Ali,

        Petitioner,

v.                                                        **ORDER**

Jefferson Beauregard Sessions, III,
Attorney General, et al.,

        Respondents.

This matter is before the court upon respondent Sherburne County Sheriff Joel Brott's motion to dismiss petitioner Farass Ali's habeas petition as moot and to vacate the court's July 30, 2019, order and judgment granting Ali's petition. After a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

The underlying facts of this case are not in dispute and will only be discussed to the extent necessary.[1] Ali was in discretionary pre-order immigration detention pursuant to 8 U.S.C. § 1226(a) for more than two years. Pet. ¶¶ 1, 21. In September 2018, Ali petitioned for a writ of habeas corpus seeking release from immigration detention pending a final order of removal. See

---

[1] For a complete case background, see ECF Nos. 15 and 51.

Pet. On July 30, 2019, the court granted Ali's petition and ordered that he be released within 30 days (Order). ECF No. 51 at 8-9. The Order, however, explicitly stated that it did "not extend to a detention period after a removal order is issued." Id. at 8. The court recognized that detention pursuant to a final order of removal is mandatory under 8 U.S.C. § 1231(a)(2) and stated that it would not interfere with the attorney general's authority to detain Ali should removal be ordered. Id.

At the time the court granted Ali's petition, the Board of Immigration Appeals (BIA) was considering Ali's appeal of the Immigration Judge's December 2018 provisional order of removal. ECF No. 33 at 2. On August 15, 2019, the BIA dismissed Ali's appeal and the order of removal became administratively final. 8 C.F.R. § 1241.1(a). On August 27, 2019, 28 days after the Order was issued, Brott filed a notice that Ali would remain in custody, now under § 1231(a). ECF No. 53. That same day, Brott filed the instant motion to dismiss Ali's petition and to vacate the Order. ECF No. 54.

**DISCUSSION**

Brott argues that Ali's petition should be dismissed as moot because Ali is no longer in discretionary detention under § 1226(a). ECF NO. 55 at 2. As such, Brott contends, the Order directing Ali's release from § 1226(a) custody should be vacated.

2

Id. Ali responds that the case cannot be moot because the controversy was live when the court issued the Order. ECF No. 58 at 2-3.[2]

A case or controversy becomes moot "[w]hen, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances ... and a federal court can no longer grant effective relief.'" Ali v. Cangemi, 419 F.3d 722, 723 (8th Cir. 2005) (quoting Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000)). This court and the Eighth Circuit Court of Appeals have recognized that a habeas petitioner's release from custody or removal from the United States moots a petition seeking release from pre-removal detention. See, e.g., id. at 724 ("With Ali's December 29, 2004 release, Ali arguably received the relief he requested."); Augustin B. v. McAleenan, No. 19-296, 2019 WL 4305534, at *1 (D. Minn. Sept. 11,

---

[2] Ali also asserts that any attempt to vacate the Order is premature because he had until September 16, 2019, to appeal the BIA decision, which could have led to a reversion of his detention status to that under § 1226(a). ECF No. 58 at 5-6. This argument is not without merit. Indeed, if the Eighth Circuit were to issue a stay of the BIA decision, Ali's detention status would change and he would once again be in custody under § 1226. See 8 U.S.C. § 1231(a)(1)(B)(ii); Bah v. Cangemi, 489 F. Supp. 2d 905, 916-17 (D. Minn. 2007) (discussing the effect of a stay by a court of appeals on a BIA decision and how such a decision reverts a detainee's status back to that under § 1226). Under those circumstances, the relief granted in the Order could be carried out. It does not appear, however, that Ali appealed the BIA decision by the appeal deadline. Accordingly, this argument is moot.

3

2019) (adopting report and recommendation concluding that petitioner's removal from the United States rendered moot his habeas petition seeking release from ICE custody). Although Ali has not been released from custody or removed from the United States, his situation presents an analogous change in circumstances.

In Ali v. Cangemi, the district court granted the petitioner's writ of habeas corpus seeking release from custody and the government appealed. 419 F.3d at 723. While the decision was on appeal, the government mistakenly released the petitioner from detention. Id. With that release, the Eighth Circuit concluded that the habeas petition was prudentially moot, and it reversed and vacated the lower court's decision and remanded with instructions to dismiss the case without prejudice. Id. at 724.

This case presents a similar situation. The Order directed Brott to release Ali from § 1226 custody within 30 days. During that 30-day period, the BIA dismissed Ali's appeal and his order of removal became final. Thereafter, Ali was held in custody under § 1231, not § 1226. This change in circumstances meant that the relief originally granted by the court — release within 30 days from § 1226 custody — could no longer be executed, rendering Ali's petition moot. See id.

Although an order to vacate and dismiss would typically come from a court of appeals in this scenario, see, e.g., id.; Haden,

4

212 F.3d at 469, the fact that the case is not yet on appeal does not change the outcome. Under Federal Rule of Appellate Procedure 4(a), both parties had 30 days to appeal the Order. Under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi), because Brott filed this motion to vacate within 28 days of the Order, the original 30-day appeal period now runs from the date of the entry of the order disposing of the motion. This court maintains jurisdiction over Brott's motion. See Winter v. Cerro Gordo Cty. Conservation Bd., 925 F.2d 1069, 1073 (8th Cir. 1991) (stating the district court maintains jurisdiction to dispose of post-judgment motions absent the filing of a notice of appeal).

Because Brott moved for relief within 28 days of the Order, his 30-day period in which to appeal the Order now runs from the date of this decision disposing of the instant motion. See Fed. R. App. P. 4(a)(4)(A). Under these circumstances and consistent with Ali v. Cangami, Ali's change in detention status renders the case moot, and on appeal the Order would be vacated and the Eighth Circuit would direct the court to dismiss the petition. The court will follow suit here.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss Ali's petition as moot and to vacate the Order [ECF No. 54] is granted; and

5

2. Ali's petition for a writ of habeas corpus [ECF No. 1] is dismissed without prejudice.

Dated: October 23, 2019

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court